

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**BRIAN P. ENGEL,**

    Petitioner,

v.                                                 Civil Action No. **3:12cv586**

**HAROLD CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Brian P. Engel, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 13). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Engel has responded. The matter is ripe for disposition.

### I.    PROCEDURAL HISTORY

#### A.    State Proceedings

After an *Alford*[1] plea, the Circuit Court for the County of Southampton, Virginia ("Circuit Court") entered final judgment against Engel for two counts of forcible sodomy and two counts of animate object sexual penetration. On September 10, 2009, the Circuit Court sentenced Engel to an active term of sixteen years of incarceration. *Commonwealth v. Engel*, Nos. CR08000405–00, CR08000410–00, CR08000412–00, and CR08000413–00, at 1–5 (Va. Cir. Ct. Sept. 10, 2009). Engel filed no appeal.

On September 28, 2009, Engel wrote a letter to the Circuit Court judge asking for a sentence reduction. On October 1, 2009, the Circuit Court judge explained in response that "the Judges of this Court will take no action whatsoever in response to any *ex parte*

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

communications." Letter 1, *Commonwealth v. Engel*, Nos. CR08000405–00, CR08000410–00, CR08000412–00, and CR08000413–00 (Va. Cir. Ct. Oct. 1, 2009).

On March 30, 2010, Engel filed a subsequent letter motion for a sentence reduction and copied the Commonwealth's Attorney. Letter 1–2, *Commonwealth v. Engel*, Nos. CR08000405–00, CR08000410–00, CR08000412–00, and CR08000413–00 (Va. Cir. Ct. March 30, 2010). The Circuit Court denied the motion on the merits on April 2, 2010. *Commonwealth v. Engel*, Nos. CR08000405–00, CR08000410–00, CR08000412–00, and CR08000413–00 (Va. Cir. Ct. Apr. 2, 2010).

On April 18, 2011, Engel filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Petition for Writ of Habeas Corpus 1, *Engel v. Dir. of the Va. Dep't of Corr.*, No. 110717 (Va. filed Apr. 18, 2011) ("First Habeas Petition"). On October 12, 2011, the Supreme Court of Virginia dismissed the petition on the merits. *Engel v. Dir. of the Va. Dep't of Corr.*, No. 110717, at 1–2 (Va. Oct. 12, 2011).

On January 17, 2012, Engel filed a second petition for a writ of habeas corpus in the Supreme Court of Virginia. Petition for Writ of Habeas Corpus 1, *Engel v. Dir. of the Va. Dep't of Corr.*, No. 120088 (Va. filed Jan. 17, 2012) ("Second Habeas Petition"). On March 1, 2012, the Supreme Court of Virginia denied the petition as untimely. *Engel v. Dir. of the Va. Dep't of Corr.*, No. 120088, at 1 (Va. Mar. 1, 2012). On March 26, 2012, Engel filed a petition for rehearing, Petition for Rehearing 1, *Engel v. Dir. of the Va. Dep't of Corr.*, No. 120088 (Va. filed Mar. 26, 2012), and the Supreme Court of Virginia denied the petition on April 26, 2012. *Engel v. Dir. of the Va. Dep't of Corr.*, No. 120088, at 1 (Va. Apr. 26, 2012).

B.   **Federal Habeas Petition**

On August 10, 2012, Engel filed the present § 2254 Petition in this Court. (§ 2254 Pet. 13.)[2] In his § 2254 Petition, Engel contends:

| | |
|---|---|
| Claim One:[3] | Trial counsel rendered ineffective assistance when he failed to investigate the evidence and prepare a defense; |
| Claim Two: | Trial counsel rendered ineffective assistance for failing to investigate and impeach witness testimony; |
| Claim Three: | Trial counsel rendered ineffective assistance for failing to prepare for trial and sentencing; |
| Claim Four: | Trial counsel rendered ineffective assistance for inducing a guilty plea by coercion; |
| Claim Five: | Trial counsel rendered ineffective assistance due to his "presumption of Mr. Engel's guilt" (§ 2254 Pet. 22). |

## II.   ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Engel's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1.   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

---

[2] The Court deems the § 2254 petition filed on the date Engel swears he placed the petition in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] The Court received Engel's § 2254 Petition missing the pages that contain the beginning portion of Claim One. Because Engel raised similar claims in the state court, the Court constructs Claim One from his Second Habeas Petition and the supporting argument in his § 2254 Petition for the claim. (*See* § 2254 Pet. 9–10.)

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement of the Statute of Limitations Under 28 U.S.C. § 2244(d)(1)(A)

Engel's judgment became final for the purposes of the AEDPA on Tuesday, October 13, 2009, when the time for noting an appeal with the Court of Appeals of Virginia expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." 28 U.S.C. § 2244(d)(1)(A)); Va. Sup. Ct. R. 5A:6 (requiring notice of appeal to be filed thirty days after final judgment of Circuit Court). As explained below, the limitation period ran for one-hundred and sixty-seven days before Engel filed a motion that tolled the limitation period. *See* 28 U.S.C. § 2244(d)(2).

4

C.  **Statutory Tolling**

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citing cases).

Engel's first letter asking for a sentence reduction fails to toll the limitations period. The Circuit Court rejected the request, without addressing the merits, as an improper *ex parte* communication. *See* Letter 1, *Commonwealth v. Engel*, Nos. CR08000405–00, CR08000410–00, CR08000412–00, and CR08000413–00 (Va. Cir. Ct. Oct. 1, 2009). Thus, the request was not properly filed. *See Artuz*, 531 U.S. at 8; *Johnson v. McCaughtry*, 265 F.3d 559, 564 (7th Cir. 2001) (citations omitted) (internal quotation marks omitted) (explaining that federal courts "look[ ] at how the state courts treated" a filing and if "the state court rejects it as procedurally irregular, it has not been properly filed").

Engel filed his second letter asking for a sentence reduction on March 30, 2010. At that point, the limitation period had run for one-hundred and sixty-seven days. The limitation period remained tolled for four days, or until the Circuit Court's April 2, 2010 denial of that letter motion on the merits. *See Speller v. Johnson*, No. 3:09CV463, 2012 WL 1038624, at *11 (E.D. Va. Mar. 27, 2012) (citations omitted) (explaining that motions for reduction in sentence may toll limitations period). Accordingly, the limitation period began to run again the following day

5

and Engel had one-hundred and ninety-eight days remaining, or until Monday, October 18, 2010 to file his federal petition.

Engel lacks entitlement to statutory tolling for his First and Second Habeas Petition. Engel filed his First Habeas Petition in the Supreme Court of Virginia on April 18, 2011, more than six months after the limitation period for filing a § 2254 Petition had expired on October 18, 2010. Engel filed his Second Habeas Petition on January 17, 2012. However, because Engel filed both state petitions after the federal statute of limitations had expired, no period to toll existed. *Deville v. Johnson*, No. 1:09cv72(CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)).

### D. Belated Commencement of the Limitations Period

Engel suggests entitlement to a belated commencement of the limitations period because he had inadequate access to a law library between September 10, 2009 and August 12, 2010.[4] (§ 2254 Pet. 27; Br. Opp'n 2.) To delay the running of the statute of limitations, § 2244(d)(1)(B) requires: (1) state action that both (2) violated the Constitution or laws of the United States and (3) prevented the prisoner from filing a habeas petition. *Ocon–Parada v. Young*, No. 3:09cv87, 2010 WL 2928590, at *2 (E.D. Va. July 23, 2010) (citing *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331–32 (11th Cir. 2008)).

Engel complains of ongoing periods of inadequate access to the law library between September 10, 2009 and August 12, 2010. (§ 2254 Pet. 27.) In sum, he alleges:

> Mr. Engel was held in a county jail from his sentencing date of September 10, 2009, without access to a law library to conduct research for his habeas corpus. Mr. Engel was eventually [transferred] to Mechlenburg [sic] Correctional Center where Mr. Engel was only allowed access to the law library, a 2 hour period once a week, and was not allowed access to adequate case law.

---

[4] Engel states that "[o]nce Mr. Engel was transferred to Pocahontas State Correctional Center on August 12, 2010, he was only then provided adequate access to the resources necessary to research his habeas corpus petition." (§ 2254 Pet. 27; *see* Br. Opp'n 2.)

6

(*Id.*) Thus, the Court construes Engel to argue that the Court should grant him a belated commencement of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B).

### 1. State-Created Impediment in Violation of the Constitution

The Court doubts that allegations of the ilk advanced by Engel amount to a state-created impediment "in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2244(d)(1)(B); *see, e.g., Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) ("The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment."); *but see Egerton v. Cockrell*, 334 F.3d 433, 438–39 (5th Cir. 2003) ("[A] state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement, in this case a copy of the very statute that is being used to render [the prisoner's] petition time-barred, constitutes an 'impediment' for purposes of invoking § 2244(d)(1)(B)."). Because no "'abstract, freestanding right to a law library or legal assistance'" exists, *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)), Engel must that show that the inadequate access to a law library violated his constitutional right to access to the courts. *See Akins*, 204 F.3d at 1090–91 (rejecting petitioner's claim that a prison lockdown constituted an unconstitutional government impediment denying him access to the courts because he failed to show that the lockdown violated the Constitution).

Nevertheless, the Court need not resolve the constitutionality of the state action here because Engel fails to demonstrate that such action actually prevented him from timely filing a § 2254 Petition. *See Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) (emphasizing that state action must "altogether prevent[ ] [a petitioner] from presenting his claims in *any* form, to *any* court" to trigger § 2244(d)(1)(B)).

7

## 2. No State-Created Impediment *Prevented* Engel from Filing

Even if circumstances alleged by Engel could support a claim of unconstitutional state action, Engel fails to allege any specific facts demonstrating how periods of inadequate or no access to the law library inhibited him from filing a § 2254 Petition until August of 2012, nearly three years after the Circuit Court entered judgment. "[A] state-created impediment must, to animate the limitations-extending exception [of § 2244(d)(1)(B) ], 'prevent' a prisoner from filing for federal habeas relief." *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007) (citation omitted); *see Potter v. United States*, Nos. 1:03cr595, 1:06cv157, 2007 WL 749674, at *4 (E.D.Va. Mar. 5, 2007) (rejecting petitioner's claims that his placement in a holding facility for four months and his subsequent relocation to an institution with no access to legal materials or jailhouse lawyers constituted a government-created impediment (citing *Akins*, 204 F.3d at 1090)). This requires Engel to explain with specificity how any alleged deficiencies actually hindered his efforts to pursue his claims within the statute of limitations. *See Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir. 2010) (citations omitted); *accord Finch*, 491 F.3d at 427.

Here, Engel fails to adequately specify how the lack of access to any particular document prevented him from filing in a timely manner. At most, Engel vaguely states that during portions of this period, he "was not allowed to access adequate case law." (§ 2254 Pet. 27.) Allegations of this nature do not satisfy Engel's obligation to demonstrate that the purported state impediment arising from periods of inadequate access to the law library actually prevented Engel from filing a § 2254 Petition. *See Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002); *see also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (refusing to apply § 2244(d)(1)(B) where the petitioner "failed to explain why the documents held by the state were necessary to

pursue his federal claim"). Accordingly, Engel lacks entitlement to a belated commencement of the limitation period.

Unless Engel demonstrates entitlement to equitable tolling, the statute of limitations bars his § 2254 Petition. Engel argues that his circumstances require equitable tolling.

E. **Engel Lacks Entitlement to Equitable Tolling**

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace*, 544 U.S. at 418). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Engel raises four arguments for equitable tolling, blaming every facet of his incarceration for his tardy filing. Engel contends: (1) that this Court should determine that his Second Habeas Petition tolls the limitations period (Br. Opp'n 3); (2) that he had inadequate access to the law library between September 15, 2010 and October 18, 2010 when he was housed in the Sussex County Jail and during three subsequent lockdowns (*id.*); (3) that counsel refused to send Engel his case file between January 18, 2011 and May 20, 2011 (*id.* at 5); and, (4) that the prison mail policy caused his untimely filings (*id.* at 7). As explained more fully below, Engel's conclusory arguments fail to demonstrate any extraordinary circumstance that prevented him from filing his § 2254 Petition in a timely fashion. Instead, the record shows that Engel's lack of diligence,

9

rather than the circumstances of his incarceration, led to the delay in filing Engel's § 2254 Petition.

### 1. Second Habeas Petition

Engel first suggests entitlement to equitable tolling during the pendency of his Second Habeas Petition. Engel provides no persuasive argument in support of his claim. Engel filed his Second Habeas Petition in January 2012, more than one and a half years after the statute of limitations expired. Engel lacks entitlement to equitable tolling for this period of time. *See Deville*, 2010 WL 148148, at *2 (citing *Webster*, 199 F.3d at 1259).

### 2. Inadequate Law Library

Engel acknowledged that he had adequate access to the law library beginning on August 12, 2010 (§ 2254 Pet. 27), through the time he filed his First Habeas Petition on April 18, 2011. (*See* Br. Opp'n 2).[5] He later contradicts this statement and claims his access to the library was limited for, at most, sixty-two days during that two-hundred and forty-nine-day period. (*Id.* at 3). Engel argues that the Court should toll the limitations period for his thirty-four-day transfer between facilities in September and October 2010, for the one week where Engel had to apply for an appointment to use the library, and "three weeks" of lockdowns on unspecified dates. (*Id.*)

Generally, "'[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'" *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). The brief

---

[5] Engel agrees with Respondent that the belated commencement "should start on August 12, 2010" and "that between the [First Habeas P]etition and the impediment removed is 249 days." (Br. Opp'n 2.)

transfers and lockdowns Engel complains of amount to no extraordinary circumstances. As previously discussed in *supra* Part II.C, Engel also fails to allege specific facts which show that temporary lack of access to the law library prevented him from timely filing his § 2254 Petition. *See O'Neill v. Dir., Va. Dep't. of Corr.*, No. 3:10cv157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011) (citing cases). Engel again fails to adequately specify how the lack of access to any particular document during this time period prevented him from filing his § 2254 Petition in a timely manner.

Also during this period of time, Engel prepared and filed his First State Habeas Petition. The fact that Engel prepared and filed his First Habeas Petition demonstrates that Engel knew how to pursue his rights in litigation and that his failure to do so for his § 2254 Petition is of his own making.

### 3. Lack of Records from Counsel

Engel also contends that his lack of complete records from counsel prevented him from timely filing his § 2254 Petition. Engel alleges that "he is entitled to equitable tolling . . . for the time [counsel] refused to send Engel his complete case file." (Br. Opp'n 4.) Engel claims entitlement to equitable tolling "for the (122) days" between Engel's first request for the file on January 18, 2011 and May 20, 2011, the date Engel received the file. (*Id.* at 5.) Engel fails to demonstrate any entitlement to equitable tolling for this period because the statute of limitations had already expired on October 18, 2010.

### 4. Institutional Mailing

Engel argues that the "State impeded the filing of both his State and Federal petitions by employing a policy that if your mail is too big to fit in a regular envelope, you must wait until your building's 'visitation pickup/mailout' date." (Br. Opp'n 7.) Engel claims that he "had to

11

wait (22) days to mail out his State petition and (26) days for his Federal petition." (*Id.*) Again, Engel fails to demonstrate any entitlement to equitable tolling for a delay in mailing his petitions. Engel does not specify whether the institutional mail policy delayed his First Habeas Petition or his Second Habeas Petition. However, Engel filed his state habeas petitions in 2011 and 2012, and his § 2254 Petition in 2012, all well after the expiration of the limitation period on October 18, 2010.

"Simply put, [Engel] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill*, 2011 WL 3489624, at *6. Because the limitation period ran for more than two years before Engel filed his § 2254 Petition, the statute of limitations bars the petition.

## III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 16) will be GRANTED. The § 2254 Petition will be DENIED and the action will be DISMISSED. A certificate of appealability will be DENIED.[6]

An appropriate Order shall issue.

Date: 5-23-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

---

[6] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Engel fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.